96   215·
176   62,

96   215
f41SC²641

## Faas *versus* Warner.

1. An Act of Assembly which requires a county to pay the personal debt of an ex-sheriff, contracted for the purpose of supplying the prisoners in jail with bread, is void.

2. A sheriff of a county entered into an agreement with the commissioners of the county to board the prisoners in the jail at a fixed rate, and contracted with F. to furnish the bread therefor. The sheriff died insolvent, largely indebted to F. for bread, a portion of which debt F. received from the administrator of the deceased sheriff. By a subsequent special Act of Assembly the county was required to ascertain the amount due from the sheriff to F., and to certify the amount to the commissioners for payment. The controller refused to comply with the requirements of the act,. and in a proceeding by mandamus to enforce the payment, *Held*, that the Act of Assembly was unconstitutional and void, as the debt was the personal debt of the sheriff.

November 10th 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1880, No. 147.

In the court below, this was a petition by J. M Faas, presented to the court and setting forth that the late Harry Woods, while sheriff of Allegheny county, contracted with your petitioner to furnish bread for the prisoners in the jail of said county, and that under said contract Woods, at the time of his death, was indebted to petitioner in the sum of $1507, bread having been furnished to that amount. That petitioner received from the estate of the said Woods. the sum of $651.52, leaving a balance of $855.48 due for bread furnished as aforesaid, which balance the estate of the said Woods is insufficient to pay. Your petitioner further represents that in view of said insufficiency of the estate of Harry Woods, by an Act of Assembly, approved the 30th day of March 1870, the controller of said county was authorized and required to examine the claim of petitioner against the estate of the late Harry Woods and ascertain the balance due him, with interest, after receiving his proper dividend from said estate, and to certify the balance so found to the commissioners of said county, whose duty it shall be to direct the same to be paid as other claims against the county are paid. That said controller has refused and does still refuse to examine said claim and certify the same as provided for in said Act of Assembly, although said controller has been requested so to do.

Your petitioner therefore prays that a writ of mandamus may issue to said controller, directing him to examine the claim of your petitioner and certify the same to the commissioners of said Allegheny county according to the provisions of the Act of Assembly aforesaid.

Henry Warner, the controller, filed an answer to said petition, which averred that the county of Allegheny did not contract the

[Faas *v.* Warner.]

debt mentioned in the petition, and was not liable for the payment of the same; that Woods, who contracted the debt, was the sheriff of the county, and that about the 27th of November 1861, the *commissioners of the county entered into a contract with him by which he agreed to board all court prisoners then imprisoned or who might thereafter be imprisoned (during his term of office) in the jail of the county at so much each per·day; that said board included bread as well as other food to be furnished prisoners, and that in pursuance of said contract the said county paid the said Woods in his lifetime and his administrator after his death, in full for boarding said prisoners from the 27th of November 1861 to the 14th of August 1873, the day of Woods's decease; that the said county never was legally liable (to the plaintiff) for the debt mentioned in said petition, and further that the said county paid for all the bread (the consideration of said debt) long before the Act of Assembly mentioned in said petition, and she was therefore under no legal nor moral obligation to pay again for the same, either at, before or since the passage of said act; and respondent, for himself and the county aforesaid, therefore denies the right and power of the legislature to pass the said act, and believes the same under the foregoing state of facts, to be unconstitutional and void, and he therefore refuses to obey the mandates of the same, and further that said claim of plaintiffs was barred by the Statute of Limitations, before the passage of said Act of Assembly mentioned in said petition, and the county interposes said Statute of Limitations as a further objection to the payment of said claim.

By agreement of counsel, the petition was treated as a writ of al--ternative mandamus, and the answer to the petition as an answer to this writ. The petitioner demurred to the answer, and the court, after argument, and without filing an opinion, refused the mandamus, which action was assigned for error by Faas, who took this writ.

*George Shiras, Jr.*, for plaintiff in error.—The county of Allegheny was, under the law, bound to provide bread for the sustenance of the prisoners in its jail. The plaintiff furnished the bread and has not been paid. Why·may not the state validly give the plaintiff a remedy against the county?

To the allegation that the county paid over moneys to Harry Woods's estate after his death, and that the plaintiff must look to that estate, the answer is two-fold: 1. The county paid over such money in her own way, and was bound to know of and provide for her own debt, or those contracted for her benefit. She could not relieve herself of the obligation to provide and pay for the sustenance of the prisoners by a private and secret contract with one of her officials. 2. We are not seeking to compel the county to pay a second time. On the contrary, it appears that the county received credit on the plaintiff's bill for such portion

[Faas *v.* Warner.]

of payment as he received from the estate of Harry Woods, out of the moneys paid over by the county. It must be presumed that all the moneys so paid over to the estate of Harry Woods on account of bread furnished for the use of prisoners was properly applied and has been received by the plaintiff. And it is only for the balance remaining unpaid that the plaintiff demands payment, and for which the state has said, in its supreme wisdom, that the county ought to pay.

*S. H. Geyer,* for defendant in error.—By this act, the legislature has attempted to compel the county of Allegheny to pay the private debt of Harry Woods, contracted with the plaintiff while Woods was sheriff of the county. The fact that the debt was for bread furnished the prisoners at the instance and on the credit of said Woods, the then sheriff, does not make it any the less the private debt of Woods. The plaintiff could not recover it from the county, because the county never contracted with him to furnish the bread.

This is not disputed; and while it is admitted that the county is legally bound to furnish bread for her prisoners, it must also be conceded that she has the right and power to contract with whom she pleases to furnish that food at a stipulated price, and that she would be bound to pay the party with whom she contracted and none other. Sharpless *v.* Mayor of Philadelphia, 9 Harris 147, rules this case.

The act under consideration was passed over six years after the county had paid and settled with the estate of Harry Woods for the boarding of the county prisoners, according to its contract with him.

Mr. Justice GREEN delivered the opinion of the court, November 22d 1880.

This case is heard on petition and answer, and, of course, as the answer is demurred to, we must accept the facts therein set forth as true. The answer alleges that the county of Allegheny did not contract the debt mentioned in the petition and was never liable for the payment of it. It avers on the contrary that the county contracted with Woods, the sheriff, for a stipulated sum, for the support of the convicts, and that this compensation necessarily included bread as well as all other articles of food necessary for their support. The answer further avers that the entire contract price was paid to Woods and his administrator in various sums and at different dates, aggregating $7333.25, which sum, it says, was "more than ample to pay for all the food (including bread) furnished" to the prisoners. The petition itself avers that Woods, personally, contracted the debt in question, and that a considerable part of it was received from his estate in payment. It thus appears that the petitioner's claim was purely a personal one by himself against Woods, and

[Faas *v.* Warner.]

further that there was not even a shade of obligation, legal or moral, on the part of the county to pay this debt. In such circumstances an act of the legislature directing the county to pay it is of no more validity than would be an act directing the county to pay the debt of any private citizen. Such legislation is void for want of constitutional power to enact it. No authority has been shown in support of the claim of the plaintiff, and we are clearly of opinion that the court below was right in refusing the writ of mandamus prayed for.

Judgment affirmed.