## Monroe *versus* County of Luzerne.

1. Where a county officer claims to be entitled to compensation by salary under the provisions of the Salary Act of March 31st 1876 (P. L. 13) it must be made to appear that the number of inhabitants in the county, at the time the officer entered on his official duties, entitled the county to be classed under said Act as a county in which such salary is payable.

2. Whatever the population of the county may previously have been, or what it may become thereafter, is immaterial to the case.

3. By the United States decennial census of 1870, the county of Luzerne contained a population of 160,915. In 1878 the county of Lackawanna was erected out of part of the territory of Luzerne county. As indicated by the said census of 1870, the territory which remained as Luzerne county contained in 1870 less than 150,000 inhabitants. The territory composing the new county contained, in 1878, 80,000 inhabitants.

*Held*, that a prothonotary of Luzerne county who entered upon his duties January 1st 1880, was not entitled under the Salary Act of 1876, to the salary of $6,000 per annum, payable in counties having "less than 250,000 and over 150,000 inhabitants."

4. In such case, an increase of population between the date of a decennial census, and the date when the incumbent went into office, will not be assumed.

April 11th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Luzerne county:* Of January Term 1883, No. 389.

Case stated, wherein Thomas Munroe was plaintiff, and the county of Luzerne was defendant, setting forth as follows: It is agreed—

1. That Thomas Munroe was elected Prothonotary of Luzerne county, at the general election in the fall of 1879, and, having duly qualified, entered upon the duties of his office on the first Monday of January 1880, and discharged the same during the continuance of his term, namely, for three years.

2. That when the Constitution of 1873 was adopted and went into effect, and also when the Act of March 31st 1876, P. L. 13, entitled "An Act to carry into effect Section 5 of Article XIV. of the Constitution, relative to the salaries of county officers, and the payment of fees received by them into the state or county treasury, in counties containing over one hundred and fifty thousand inhabitants," went into effect, the county of Luzerne, as then organized and constituted, contained according to the United States decennial census for the year 1870, a population of one hundred and sixty thousand nine hundred and fifteen.

3. That the county of Lackawanna was erected and created

[Monroe v. County of Luzerne.]

out of the county of Luzerne on the 21st day of August 1878, in pursuance of an Act of the General Assembly approved April 17th 1878, and ceased to be a part of the latter county on that date, namely, August 21st 1878. Also, that the county of Lackawanna, at the time of its erection, had a population of eighty thousand inhabitants; and further, that that portion of Luzerne county not embraced within the territorial limits of Lackawanna county, had, when the said decennial census of 1870 was taken, and, as indicated by the same, less than one hundred and fifty thousand inhabitants.

4. That under the Act of March 31st 1876, commonly known as the "Salary Act," the salary of the said Thomas Munroe, Prothonotary as aforesaid, was six thousand dollars; and further, that the said Thomas Munroe paid into the treasury of Luzerne county during the year 1880, of the moneys received and earned by him for fees for that year, the full sum of six thousand dollars after ascertaining and deducting the amounts due his deputies and clerks respectively for that year.

5. That the county of Luzerne paid to the said Thomas Munroe on account of his salary as Prothonotary of said county for the year 1880, the sum of five thousand three hundred and seventy-three dollars and twenty-seven cents, thus leaving a balance of six hundred and twenty-six dollars and seventy-three cents of said salary unpaid.

6. That the county of Luzerne withheld payment of the said balance of salary, alleging that after the county of Lackawanna was erected out of the county of Luzerne, as specified in the third paragraph above, the latter county did not contain a population of "over one hundred and fifty thousand inhabitants," and hence, that her county officers, during the year 1880, were not within the provisions of the Act of March 31st 1876, commonly known as the "Salary Act."

7. If the court should be of the opinion that, under the facts as stated, as matter of law, the said Thomas Munroe was entitled to the whole amount of his salary as Prothonotary of the said county for the year 1880, then judgment is to be entered in his favor and against the county of Luzerne, for the sum of six hundred and twenty-six dollars and seventy-three cents; if otherwise, then judgment is to be entered generally for the county of Luzerne.

The court, after argument, in an opinion by RICE, P. J., entered judgment for the defendant on the case stated. The plaintiff took this writ of error, assigning for error, the said judgment.

*Garrick M. Harding (John McGahren* with him), for the plaintiff in error.—After the passage of the "Salary Act" of

1876, the respective county officers of Luzerne, by virtue of an ascertained, certain and official fact, namely, the United States decennial census of 1870, at once became entitled to their respective salaries as fixed, measured and appointed by the specific terms of that Act : Commonwealth ex rel. Chase *v.* Harding, 6 Nor. 343. We contend that when a county is brought within one of the classes named in the " Salary Act " of 1876 by that certain enumeration ascertainable only from the last preceding decennial census, she must stay there until a like subsequent enumeration raises her to a higher class, or, as the case may be, sinks her beyond the reach of the Act altogether. This view is not affected by the " New county Act" of April 17th 1878, which merely directs the commissioners " to estimate as nearly as possible," the population of the proposed new county district. Such " estimate " for a special legislative purpose, cannot be availed of by a court to impair a vested individual right, accruing under a prior and positive law.

*William S. McLean*, for the defendant in error.—The census of 1870 showed that Luzerne county had 160,915 inhabitants ; when, subsequently the county of Lackawanna was erected out of the territory of Luzerne county, the two counties in legal contemplation of the Salary Act had the same population as Luzerne had before the division. As the new county erected in 1878, " had a population of 80,000 inhabitants" (Case stated § 3) it follows that by the same census of 1870, Luzerne county had, after the separation, in legal contemplation of the Salary Act, less than 150,000 inhabitants. As the plaintiff went into office after the separation (and before a new census), it is clear he was not entitled to salary as though Luzerne county had over 150,000 inhabitants.

Chief Justice MERCUR delivered the opinion of the court, October 1st 1883.

The plaintiff entered upon the duties of his office on the first Monday of January 1880. To recover in this action, he must establish the fact that the county of Luzerne then contained a population of over one hundred and fifty thousand. The burden rests on him to prove his case.

The evidence on which he relies is contained in this case stated. We find, inter alia, the following facts admitted :

1. When the United States decennial census for the year 1870 was taken, and according thereto, the county of Luzerne as then organized and constituted, contained a population of one hundred and sixty thousand nine hundred and fifteen.

2. In pursuance of the Act of 17th April 1878, the county of Lackawanna was erected and created out of the county of

Luzerne on the 21st of August 1878, and thenceforth ceased to be any part of the latter county.

3. At the time of its erection the county of Lackawanna had a population of eighty thousand inhabitants.

4. When the decennial census of 1870 was taken, as indicated thereby, the portion of Luzerne county not embraced within the territorial limits of Lackawanna county, had less than one hundred and fifty thousand inhabitants.

5. Under the 14th section of the Act of 31st March 1876, Pur. Dig. 1997, pl. 14, the plaintiff would have been entitled to the salary he claims if the county of Luzerne contained a population sufficient to admit of the application of that Act.

This Act is general in its terms. It is designed to apply to counties then containing the requisite population, and also to those which might thereafter acquire it. Whenever an effort is made to apply this Act to an officer of any particular county, the fact to be ascertained is whether the county contained sufficient population at the time the officer entered on the duties of his office. Whatever the population may previously have been or what it may thereafter become, does not control the case.

By what mode that population shall be ascertained does not arise in this case. The agreement of the parties settles several questions relating to the population. We therefore take that agreement as the starting point.

It is agreed that the whole county of Luzerne contained a population in 1870 of less than 11,000 in excess of 150,000, and that the portion of territory set off therefrom in 1878 contained eighty thousand. Without any increase of population in the meantime, that would have reduced it in the portion of territory remaining in the county of Luzerne, to less than 81,000. In the case stated, the plaintiff does not aver, and the defendant does not admit, any increase of population. In the absence of any such agreement, the plaintiff asks us to assume that the original county had increased its population 69,000. An increase of more than 42 per cent. in eight years. Or if the increase was not so much at that time, yet that the superadded increase in the reduced county of Luzerne prior to the 1st of January, 1880, brought it up to the 69,000.

In the absence of evidence we cannot assume any such fact. The case stated does not aver any such increase nor any other fact from which it may reasonably be inferred. The paying over to the county of a portion of his fees by the plaintiff cannot change or control the question of population on which his right to recover rests.

The learned judge was clearly correct in entering judgment for the defendant on the case stated.

Judgment affirmed.