## Commonwealth, ex rel., etc., *v.* Comrey, Appellant.

*Public officers—Emoluments—Presumption.*

This case raised the same question as Guldin v. Schuylkill County, the preceding case, and the decision therein was followed.

When it is proposed to take away the fees to which a county officer was entitled, when elected, and substitute a salary therefor it should be shown that the change of the manner of payment would not affect the amount to be received.

Argued Feb. 16, 1892. Appeal, No. 117, Jan. T., 1892, by defendant, Andrew Comrey, sheriff of Schuylkill Co., from judgment of C. P. Schuylkill Co., July T., 1891, No. 243, awarding writ of peremptory mandamus, at the suit of the plaintiff, the Commonwealth of Pennsylvania, ex rel. Samuel G. DeTurk et al., Commissioners of Schuylkill Co. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Petition for mandamus to compel defendant to comply with the act of March 31, 1876, known as the salary act.

The petition for the mandamus filed June 29, 1891, set out the election of defendant to the office of sheriff of Schuylkill county in November of 1888; that said county at the time of the petition filed contained 154,163 inhabitants " as set forth by Robert P. Porter, Supt. of Census, in his certificate, dated Washington, D. C., January 7, 1891," a copy of which was annexed to and made part of the petition; and the refusal of the defendant to comply with the provisions of the act of March 31, 1876.

The answer set out that, at the time of the defendant's election in November, 1888, and at the time he took upon him the duties of the office in January, 1889, the census for 1890 was not taken. That by the census of 1880 the population of the county was less than 130,000.

A demurrer was filed to the answer; and, on argument, the court adjudged the answer to be insufficient and directed a writ of peremptory mandamus to be issued, commanding the defendant to comply with the provisions of the act of March 31, 1876.

*Errors assigned* were, (1) not dismissing the prayer of petitioners; (2) not giving judgment for the defendant; (3) holding that defendant was subject to the act of 1876; (4) holding

that § 13, art. III of the constitution was abrogated or made nugatory in any of its provisions by § 5 of Art. XIV, and the act of March 31, 1876.

This and the preceding case were argued together. In this case, *R. H. Koch* and *William Wilhelm* appeared on the brief as counsel for appellant.

OPINION BY MR. JUSTICE HEYDRICK, May 16, 1892:

The respondent was elected to the office of sheriff of Schuylkill county at the general election in 1888, and assumed the duties of his office on the first Monday of January, 1889, when, according to the rule of ascertainment announced in Luzerne County v. Griffith, 1 Kulp, 297, and followed in Luzerne County v. Glennon, 109 Pa. 564, the county had less than 150,000 inhabitants, and the compensation of the officer was certain fees prescribed by law. The relators asked that he be required to comply with the provisions of §§ 1 and 2 of the act of March 31, 1876, passed to carry into effect § 5 of art. XIV of the constitution, by collecting and paying into the treasury of the county the fees of the office earned after the first Monday of January, 1891, and by keeping the accounts required by § 2 of the act, because by the federal census, taken as of June 1, 1890, the county appears to have contained on that day over 150,000 inhabitants. The respondent answered that the act of 1876 did not apply to his office at the time of his election, and denied that it could thereafter, during the term for which he had been elected, take effect as to him, to which answer the relators demurred. These pleadings raise substantially the same question that was raised in Guldin v. Schuylkill Co., decided at the present term. It was there held that the act of 1876 is not made to apply to an officer elected in a county containing less than 150,000 inhabitants, by an increase of the population to over 150,000 after his election, and within the term for which he was elected. The effect of the 13th section of the 3d article of the constitution is to hold laws passed in pursuance of § 5 of art. XIV of the constitution in abeyance as to all such officers, in so far as their operation would otherwise be to increase or diminish the salary or emoluments of office. While it appears that the respondent is such an officer, it does not affirmatively appear in this case, as it did in Guldin v.

Schuylkill Co., whether a change of compensation from fees to salary would increase or diminish the officer's emoluments, but when it is proposed to take away the fees to which the respondent was entitled when he was elected, and substitute a salary therefor, the relators should have shown that the change of the manner of payment would not affect the amount to be received by the officer. In the absence of any evidence to the contrary, it is safe to assume that such change would diminish the respondent's emoluments ; it could not, by the express terms of the constitution, increase them. It follows that the judgment must be reversed.