## Strock, Appellant, *v.* The County of Cumberland.

[Marked to be reported.]

*Sheriff—Boarding vagrants—Change of compensation—Public officer.*

Where the compensation to the sheriff for boarding vagrants has been fixed by an order of court, and boarding has been furnished under the order, the court cannot make a subsequent order increasing the compensation so as to cover the boarding furnished during the continuance of the previous order.

*County auditors, Findings of—Compensation of public officers.*

A finding by county auditors that a sum due to a public officer is a certain amount if a particular order of court is valid, and that it is a less amount if the order is invalid, is not such a settlement of the account of a public officer, which, unappealed from, has the force of a conclusive decree for the payment of the larger amount.

Argued April 27, 1896. Appeal, No. 175, July T., 1895, by plaintiff, from order of C. P. Cumberland Co., dismissing petition for mandamus. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Motion for peremptory mandamus because of insufficient return to writ of alternative mandamus. Before BIDDLE, P. J.

From the record it appeared that on April 16, 1895, a writ of alternative mandamus was issued to the commissioners of Cumberland Co., to compel payment to plaintiff of the sum of $2,705.04, being the amount computed to be due for boarding vagrants upon the basis of 9 cents per day by virtue of a retrospective order made by the quarter sessions on December 27, 1894, which fixed the compensation at 9 cents per day "beginning with the 1st of January, 1892." It appeared that on November 23, 1891, the court by an order had fixed the compensation for boarding vagrants at 4 cents per day. This order went into effect on January 1, 1892. Plaintiff entered upon his duties as sheriff on the 1st Monday of January, 1892, and served through his term of three years. Other facts appear by the opinion of the Supreme Court.

The court dismissed the motion.

*Error assigned* was above order.

*J. W. Wetzel,* for appellant.—The confirmation of the county auditor's report was conclusive and unappealed and is not reviewable in the Supreme Court: Blackmore v. Allegheny County, 51 Pa. 160; Wilson v. Clarion County, 2 Pa. 17.

The boarding paid to the sheriff under the act of 1856 has been declared to be an emolument of office : Apple v. Crawford County, 105 Pa. 300; Peeling v. York County, 113 Pa. 108; McCormick v. Fayette County, 150 Pa. 190.

It has been often held that the legislature can impose on a city payment of a claim just in itself, for which an equivalent has been received, but which could not be enforced under any law existing when the service was rendered : Marshall v. Allegheny City, 59 Pa. 455; Com. v. Marshall, 69 Pa. 328; New Orleans v. Clark, 95 U. S. 644; Guilford Township v. Chenango County, 13 N. Y. 143; Brewster v. Syracuse, 19 N. Y. 116; 15 Am. & Eng. Ency. of Law, 991.

In Lycoming v. Union, 15 Pa. 166, our own Supreme Court sustained a law imposing on one county a duty of paying certain costs arising on a suit in another county, although some of them had accrued before the passage of the act.

In Donley v. Pittsburg, and four other cases found in 147 Pa. 348, it is held that the costs of sewers, cast by a void law on abutting property owners, may, after the work is done be imposed by a new statute upon these owners.

In Faas v. Warner, 96 Pa. 215, the county had paid the sherriff for supporting the prisoners. He had bought bread of a certain baker. He and not the county was the baker's debtor. To compel the county to pay him would be to pay for the bread twice, once to the sheriff and once to him. The Supreme Court say "there was not even a shade of obligation, legal or moral, on the part of the county to pay this debt. In such circumstances an act of assembly directing the county to pay is void."

*R. M. Henderson* and *Arthur R. Rupley,* for appellee.

OPINION BY MR. JUSTICE GREEN, May 28, 1896 :

At the time when the plaintiff was elected to his office of sheriff of Cumberland county, and also at the time when he entered upon the duties of the office, the compensation for boarding prisoners was fixed by law; that is, the court of quar-

ter sessions of the county of Cumberland, had, in the lawful exercise of their authority, by an order made November 23, 1891, fixed the price of boarding vagrants committed to the custody of the sheriff at 4 cents per day. On the 1st of January following the plaintiff assumed his office and continued therein until the 1st of January, 1895, the full term for which he was elected. During the whole of this time until the 27th of December, 1894, no change had been made in the amount of compensation allowed for the boarding of vagrants and it remained at 4 cents per day. To that compensation, and no more, the plaintiff was entitled by virtue of his performance of the service required of him. While it is very certain that the court of quarter sessions had power at any time to change the rate, and that thereafter the changed rate would prevail, it has never been decided that an increased compensation could be given in that mode for services already rendered. To do so would be simply giving away the public money to an official, without any consideration. We do not understand that such action can be taken even by a judicial decree. The argument for the appellant assumes that the order of December 27, 1894, was an original exercise of the authority of the court fixing the compensation to be paid for the whole term, and was therefore valid although it applied to the past as well as the future. This would probably be so if it were not for the fact that there was a previous order of the same court fixing a lower rate under which the whole of the service was rendered. It is not a case therefore in which the service was rendered without any fixed rate, and then an order made fixing the rate for the past as well as the future, and the question cannot be disposed of on that line of argument. Nor is there any force in the argument that the compensation claimed by the plaintiff had been fixed by the settlement of the sheriff's account by the county auditors, which, being unappealed from, had the force of a conclusive decree for the payment of the 9 cent rate. The difficulty with that contention, is, that the auditors never made such a settlement and never allowed the claim. They simply declared that the amount to be paid to the plaintiff would be $2,705.04, if the order of December 27, 1894, prevailed. But they also reported that the amount due was $1,202.24, under the order of November 23, 1891. This is really a finding that $1,202.24 was the

amount due, but that if the order of December 27, 1894, was the lawful order determining the subject, then the larger amount would be due.

In Faas v. Warner, 96 Pa. 215, we decided that even an act of assembly, which directed the controller of the county of Allegheny to ascertain the amount due to one who had furnished bread for the support of the prisoners, and had not been paid therefor by the sheriff, and provided that upon receiving a certificate of the amount due from the controller the commissioners of the county should pay the debt out of the county funds, was void, because " the petitioner's claim was purely a personal one by himself against Woods, and further that there was not even a shade of obligation, legal or moral, on the part of the county to pay the debt." We said also that, " In such circumstances an act of the legislature directing the county to pay it is of no more validity than would be an act directing the county to pay the debt of any private citizen. Such legislation is void for want of constitutional power to enact it."

It is difficult to see any material difference between the case just cited and the present. In that case the bread had been furnished to the prisoners and the person who furnished it had not been paid for it. But the sheriff owed him the money and the county did not. In this case the prisoners were boarded by the sheriff and the county owed him for the service an amount regularly fixed by law, but the county owed him nothing more. There was certainly no obligation, legal or moral, to give him more than was due him, and if the legislature could not do it in the one case the court cannot do it in the other.

None of the cases cited for the appellant leads to any different result. In Peeling v. York County, 113 Pa. 108, there was no order fixing the compensation of the sheriff when he entered upon his office. Upwards of a year afterwards the court made an order fixing the amount to be paid at 35 cents for the year 1878, and 25 cents for 1879. The sheriff claimed that he was entitled to the same amount for 1879 and 1880 as for 1878. But we held that he was bound by the terms of the order just as it was made, and for the reason that the rate was not fixed except by that order, and by that he was bound.

In McCormick v. Fayette, 150 Pa. 190, nothing more was decided than that the court had the power to change the amount

fixed, by an order made during the sheriff's term of office, because the right of the sheriff was not strictly a contract but an emolument only and was subject to the power to change.

In Apple v. Crawford County, 105 Pa. 300, the compensation of the sheriff was fixed by an act of assembly passed in 1867, at the time the sheriff assumed his office. We held he was entitled to the amount thus fixed, and could not be deprived of it by a law subsequently enacted in 1879, on account of the prohibition contained in section 13 of article III. of the constitution, against the increase or diminution of the salary of any public officer after his election or appointment. The facts of the present case do not raise any question which is determined by any of the foregoing cases.

While it is competent for the court to fix the compensation for the future, even when it changes existing rates, and while it is true that an order may embrace past services if there has been no previous order made, or if exceptional circumstances raise a moral obligation, we cannot agree that where the compensation has been fixed by a previous order under which the service has been rendered, it can be increased for the same services by a subsequent order. We are of opinion that the case was correctly decided by the learned court below.

Decree affirmed and appeal dismissed at the cost of the appellant.