COM. ex rel. WOODRING, Appellant, v. WALTER. 553

1922.] Syllabus—Statement of Facts.

# Commonwealth ex rel. Woodring, Appellant, v. Walter.

*Public officers—County commissioners—Compensation—Increase during term—Increase of population—Best evidence—Classification of counties—Constitutional law.*

1. Changes in classification of counties by increase of population for determining an increase of compensation of county officers, are not permissible until there has been a legal ascertainment of the fact of increase of population.

2. When the legislature has fixed no definite plan for establishing the fact, it must be found from consideration of the best available evidence, but in no event is the classification to be altered until a legal ascertainment of the increase has been made to appear.

3. The federal tabulation has no force except as provided by the Constitution or laws of the State, but it may be accepted as the best evidence of the increase.

4. The salary of a county commissioner is fixed as of the date of his election, and if a change in classification post-dates his election, an increase of salary cannot be allowed.

5. No increase is permissible whether it be attempted by a new law passed thereafter, or by the application of the provisions of an earlier statute directing the payment of a larger sum when a county has a greater population.

Argued May 9, 1922. Appeal, No. 365, Jan. T., 1922, by plaintiff, from judgment of C. P. Northampton Co., June T., 1921, No. 60, for defendant, on demurrer, in case of Commonwealth ex rel. Alfred A. Woodring v. Robley D. Walter, County Controller of Northampton Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Demurrer to petition for writ of alternative mandamus. Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

Demurrer sustained. Plaintiff appealed.

Assignment of Error—Opinion of the Court.   [274 Pa.

*Error assigned,* inter alia, was judgment, quoting it.

*Everett Kent,* for appellant, cited: Luzerne Co. v. Glennon, 109 Pa. 564; Lewis v. Lackawanna Co., 200 Pa. 590; Guldin v. Schuylkill Co., 149 Pa. 210; McKinney v. Northumberland Co., 75 Pa. Superior Ct. 581.

*James W. Fox,* for appellee, relied on Lewis v. Lackawanna Co., 200 Pa. 590; Guldin v. Schuylkill Co., 149 Pa. 210.

OPINION BY MR. JUSTICE SADLER, June 24, 1922:

Alfred Woodring was elected commissioner of Northampton County on November 3, 1919, and assumed the duties of his office on the first Monday of January, 1920. By the then last federal census, the population of that county was less than 150,000. On March 3, 1919, Congress made provision for the taking of the fourteenth enumeration as of January 1, 1920, but this tabulation was not completed until the end of that year. By the 33d section of the act, the director of the census was empowered to furnish, upon request, a certificate of the totals arrived at, and, on December 28th, he sent to the county commissioners a statement, showing the number of inhabitants to be 153,560. The governor of the Commonwealth issued a proclamation, as directed by the Act of July 10, 1919, P. L. 887, setting forth the same fact, on March 18, 1921, which was recorded three days thereafter.

Under these circumstances, the plaintiff claims he is entitled to the salary provided for in counties having a population in excess of 150,000, from January 5, 1920, the census having been taken as of January 1st, of that year. Under the Acts of June 7, 1917, P. L. 570, and May 10, 1909, P. L. 500, the compensation in such case was fixed at $4,000, an increase of $1,500 over the sum paid where the inhabitants are less in number. His demand having been refused, a writ of mandamus was

COM. ex rel. WOODRING, Appellant, *v.* WALTER. 555

1922.]                    Opinion of the Court.

asked to compel payment, and to the answer filed a demurrer was interposed. From the judgment entered for defendant, this appeal has been taken.

To regulate the compensation of county officers, as directed by article XIV, section 5, of the Constitution, and provide for salaries, which should be in lieu of fees, the Act of March 31, 1876, P. L. 13, was passed. By section 12, counties having a population of more than 150,000, and less than 250,000, were placed in one division, and a like classification is made in the Act of July 10, 1919, P. L. 887. The sum payable to a commissioner in such cases has been increased from time to time, and, as already noted, is now fixed at $4,000. In considering the application of these statutes to the present case, there must be kept in mind the mandate of section 13 of article III of the Constitution, which ordains that "no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment."

All of the statutes direct that reference shall be had to the last decennial census to fix the status of the county. This federal tabulation has no force, except as provided by the Constitution or laws of the State, but it has been accepted and approved as the best evidence of the number of inhabitants which can be obtained. It may be that the population of a particular community has largely increased since the taking of the last enrollment, but some definite period must be agreed upon for the determination of the question, otherwise there would be endless confusion. As a result, it has been uniformly held that changes in classification are not permissible until there has been a legal ascertainment of the fact of increase: Lewis v. Lackawanna County, 200 Pa. 590; Com. v. Harding, 87 Pa. 343; Burns v. Handley, 106 Pa. 248; In re City of Passaic, 54 N. J. L. 156, 23 Atl. 516.

In some instances the way in which this shall be determined is expressly designated, as by a certificate of

556 COM. ex rel. WOODRING, Appellant, *v.* WALTER.

Opinion of the Court. [274 Pa.

the governor in case of cities affected by a change of population (Act of May 8, 1889, P. L. 133), and similarly in the case of counties, since the passage of the Act of July 10, 1919, P. L. 887. Some other method may be provided by law, as by a local tabulation (e. g., Act May 8, 1889, P. L. 133), but the present controversy must turn on that made by the federal authorities, it being so directed in the statutes controlling: Luzerne County v. Glennon, 109 Pa. 564.

Where the legislature has fixed no definite plan for establishing the fact,—it did not under the Act of March 31, 1876, but the contrary is true under the Act of July 10, 1919,—then it must be found from consideration of the best available evidence. It may be by the certificate of the director of the census,—here furnished on December 28, 1920,—or in such other manner as directed by law. But in no event is the classification to be altered until a legal ascertainment of the increase has been made to appear. In the present case, it is unnecessary to decide whether this was of the date of the governor's proclamation, issued under the terms of the Act of July 10, 1919, P. L. 887, or the earlier statement of the federal authorities; as considering either date, the same result must be reached. The suggestion that the change in population is to be treated as of January 1, 1920, when the census was to be taken, is without force, in view of the contrary ruling of this court in Lewis v. Lackawanna County, supra.

When the plaintiff was elected to office, the legally established population was less than 150,000, and this must control in fixing the compensation to which he is entitled: Guldin v. Schuylkill County, 149 Pa. 210; Com. v. Comrey, 149 Pa. 216; Monroe v. Luzerne County, 103 Pa. 278; Lewis v. Lackawanna County, supra. And the same rule applies where the office is appointive: McKinney v. Northumberland County, 75 Pa. Superior Ct. 581. The Constitution prohibits any alteration during the term, either in the way of increase or reduction. If

COM. ex rel. WOODRING, Appellant, v. WALTER. 557

1922.]                    Opinion of the Court.

the change in classification post-dates the election of the relator,—and this clearly appears in the present case, whether the certificate of the director of the census, or the proclamation of the governor be considered as fixing the time,—then it follows that the increased salary demanded cannot be allowed.

It is argued, however, that the Act of 1917 (June 7th, section 3, P. L. 570), provides that "the population of the several counties shall be ascertained at any time according to the next preceding decennial census of the United States," and, for that reason, whenever the necessary increase in population appears, the compensation is automatically altered to accord with the new status. The contention is therefore made that the constitutional provision against change in salary is inapplicable, since it arises not from the passage of a new law, but the ascertainment of a fact, which brings into force an earlier statute fixing the amount of pay. A like contention was answered by this court in Guldin v. Schuylkill County, supra (p. 215), where it was said: "The prohibition has no relation to the time of the passage of the law, but is directed against any change of salary or emoluments of an officer after his election."

For the purposes of classification, under the various salary acts, each county remains in its division as determined by a decennial census, until transferred by a subsequent tabulation altering its status, and any change becomes effective only as of the date when it is officially ascertained. The salary of the elective officer is fixed as of the date of his election, and no alteration in the amount thereof is permissible under the Constitution, whether it be attempted by a new law passed thereafter, or by the application of the provisions of an earlier statute directing the payment of a larger sum, when a county has a greater population. It follows that the learned court below properly disposed of the controversy, and the assignments of error are overruled.

The judgment is affirmed.