## Salaries of Common Pleas Judges.

SCHNADER, Attorney General, February 27, 1931.—I have your favor of January 28th, relative to the effect of the 1930 United States Census upon the amounts of the salaries respectively payable to the judges of those judicial districts in which the salary payable is dependent upon the population.

You state that several judges have called to your attention the fact that under the 1930 census, as published by the Census Bureau of the Department of Commerce of the United States, their judicial districts have advanced to a class in which higher salaries are paid to judges. The census was taken as of April 1, 1930, under an act of Congress, which did not provide upon what date the enumeration should become official. However, the Director of the Census advises that on December 13, 1930, the Bureau of the Census of the United States Department of Commerce officially issued a population bulletin, entitled "Pennsylvania: Number and Distribution of Inhabitants."

You desire to know as of what date, if any, salaries of judges of our courts of common pleas were increased as the result of the 1930 census.

The salaries of our common pleas judges are fixed by section four of the Act of May 16, 1929, P. L. 1780, which provides definite salaries for judges of the first and fifth judicial districts (Philadelphia and Allegheny Counties, respectively) regardless of population, and then provides that the annual salary of each common pleas judge learned in the law, in judicial districts having a population of 100,000 or more, shall be $12,000; in districts having a population of 65,000 or more, but less than 100,000, $10,000; and in districts having a population of less than 65,000, $9000.

The act does not make any provision for any change subsequent to 1929 in the determination of the population of the respective districts.

Whether under these circumstances the executive officers of the Commonwealth are justified in recognizing a change in the population of judicial districts for the purpose of increasing judges' compensation is one which is not free from difficulty.

A number of cases have arisen in our courts under somewhat similar circumstances, none of which, however, involved judicial salaries.

In Lewis v. Lackawanna County, 200 Pa. 590, the Supreme Court had before it for consideration the Act of March 31, 1876, P. L. 13, which fixed the salaries of county officers in counties with more than 150,000 inhabitants, but, as Mr. Justice Mitchell stated, the act "unfortunately made no provision for determining the population in case of change or dispute." It was claimed that, as the result of the census of 1900, Lackawanna County had come into the class in which county officers' salaries were governed by the Act of 1876. The census taken as of June 1, 1900, was first announced in a press bulletin from the Census Bureau on November 19, 1900, and was, on December 13, 1900, submitted to Congress through an official bulletin giving the population of the several states by counties.

The question was whether on November 6, 1900, Lackawanna County's status was that disclosed by the 1900 census. The Supreme Court held that it was not, as the earliest possible date at which the fact of population, on which the status of Lackawanna County was to be changed, could be considered as legally ascertained was December 13, 1900.

In reaching this conclusion, Mr. Justice Mitchell called attention to the fact that the Supreme Court had previously determined that article five, section five, of the Constitution, directing that every county containing 40,000 inhabitants should constitute a separate judicial district, and article five, section twelve, directing that in Philadelphia there should be established a magistrate's court for each 30,000 inhabitants, were not self-executing and could not be enforced by the courts without legislative action, citing Com. v. Harding, 87 Pa. 343, Com. v. Handley, 106 Pa. 245, and Cahill's Petition, 110 Pa. 167.

Other cases have held that the passage of a county into a higher class by an increase in population will not entitle existing officers to receive the compensation fixed for officers of counties of the higher class: Guldin v. Schuylkill County, 149 Pa. 210, Com. v. Comrey, 149 Pa. 216, and Com. v. Walter, 274 Pa. 553; but these cases rest upon article three, section thirteen, of the Constitution, which provides that "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment." And the Supreme Court has held in Com. v. Mathues, 210 Pa. 372, that within the meaning of this section of the Constitution judges are not "public officers."

Accordingly, there is no constitutional inhibition against the payment of increased compensation to judges serving in judicial districts the population of which was shown by the 1930 census to have increased so as to advance certain judicial districts into higher classes.

The only question before us is a question of construction.

Did the legislature by the Act of 1929 intend to fix the compensation of judges of the several judicial districts as they existed on the date of the passage of the act and to permit this compensation to remain until modified by subsequent legislative action, or did the legislature intend that the salaries specified by the Act of 1929 should apply from time to time as the population of the several districts should appear after the latest decennial census?

If the latter was the legislature's intention, it knew how by apt language to express it. In the County Code, enacted at the same session (Act of May 2, 1929, P. L. 1278), the legislature provided for determining the classification of counties according to population. In section thirty-one it fixed the classification as of 1929, and in section thirty-two it provided that "The classification of counties shall be ascertained and fixed according to their population by reference from time to time to the last preceding decennial United States census. . . ." It then made it the duty of the Governor after each census by certificate under the great seal of the Commonwealth to certify the fact that any county had advanced in classification as the result of such census.

We are forced to the conclusion that the omission of such a provision in the act of the same session fixing judicial salaries evidences the legislature's intention to permit salaries to continue to be paid to judges on the basis of the population as known in 1929 until further action by the legislature. In confirmation of this intention is the further fact that no provision was made in the general appropriation act for any increase in the amount set apart for the payment of salaries to common pleas judges as the result of an increase in the salary rate due to the census enumeration which it was known would be taken in 1930.

Accordingly, you are advised that until further action by the legislature, you cannot lawfully pay to common pleas judges salaries at rates higher than those payable during that part of the current biennium which preceded the taking of the 1930 census.          From C. P. Addams, Harrisburg, Pa.