In Re: Appeal of Harry W. Bowman.

Argued October 31, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Henry A. Jones,* and with him *J. F. Wallace* and *Samuel A. Schreiner,* for appellant.

*Karl E. Weise,* and with him *Lynch & Kidner,* for appellee.

OPINION BY TREXLER, P. J., February 1, 1934:

The facts essential to the decision of the questions submitted are set out in the statement agreed upon

by counsel. South Fayette is a first class township, having over 5,000 and less than 25,000 inhabitants and containing seven wards and having had seven township commissioners under the Act of July 14, 1917, P. L. 840.

John Parkes, the appellant, was elected commissioner in 1929, for the term of four years, beginning January 1, 1930, and expiring January 1, 1934, at an annual salary of $100. The amount of the salary was fixed by amendment to the Act of 1917, passed April 23, 1927, P. L. 372. The laws applying to first class townships were codified by the Act of June 24, 1931, P. L. 1206, which repealed the former acts and in Section 703 provided the salary of $200 for the commissioners in townships containing the number of inhabitants above referred to. Section 104 of said act of 1931 provides:

"Any person holding office under an act of assembly repealed by this act shall continue to hold such office until the expiration of the term thereof, subject to the conditions attached to such office prior to the passage of this act."

Parkes, under the provisions of this section, continued in office, but instead of receiving $100 per annum, was paid $200 for the year 1932. Objection was made to the auditors report allowing this sum and on appeal to the common pleas was sustained and thereupon the defendant whose increase of salary was denied, took the present appeal to this court.

Article III, Section 13, of the Constitution provides: "no law shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment."

We do not think the case requires the extensive discussion contained in the briefs. It is clear that the township commissioners are within the constitutional provision forbidding an increase of salary during the term for which they have been elected. The standard

fixed by numerous cases is that an officer to come within the constitutional prohibition of the above section is such as is chosen for a definite term, whose duties are for the benefit of the public for a stipulated consideration. "It must be regarded as settled that the prohibition against the extension of the term of a public officer or the decrease or diminution of his salary after his election or appointment, contained in article III, section 13, is not limited to constitutional officers." Alworth v. Lackawanna County, 85 Pa. Superior Ct. 349. The duties of the commissioners in first class townships are equivalent to those of councilmen in cities and boroughs. The corporate powers are vested in them, including the passage of ordinances and resolutions and they have the general regulation of the affairs of the township. The legislature had no right to increase their salaries after they are elected and no doubt recognizing this, the section quoted above was framed so that the former salary should continue to be paid to those in office at the time the act was passed. This would appear to settle the matter, but the appellant argues that the act does not increase the salary of the appellant directly, but indirectly and that such action does not fall within the prohibition.

In Com. v. Walter, 274 Pa. 553, 118 A. 510, where after a county commissioner had been elected and by increase of population, the county passed to a higher class carrying with it a higher salary for the commissioner, the court held: "The salary of the elective officer is fixed as of the date of his election, and no alteration in the amount thereof is permissible under the Constitution, whether it be attempted by a new law passed thereafter, or by the application of the provisions of an earlier statute directing the payment of a larger sum, when a county has a greater population." See, In re: Petition of Drake, 106 Pa. Superior Ct. 383. In the case of Richie v. Phila., 37 Pa. Superior Ct. 190; s.c. 225 Pa. 511, 74 A. 430, the same

principle was applied to real estate assessors in Philadelphia. The law fixing larger fees to justices of the peace does not apply to those in office prior to its passage. Freiler v. Schuylkill County, 46 Pa. Superior Ct. 58; same as to sheriff, Apple v. County of Crawford, 105 Pa. 300, and Strock v. County of Cumberland, 176 Pa. 59, 34 A. 352. A reference is made to these and other pertinent cases in P. S. Const., p. 272.

It is very evident that in view of the above cases, the question raised by the appellant as to what application should be made of the word "condition," is of no moment, for if the constitutional provision applies, the defendant is not entitled to the increase irrespective of any meaning we may attach to it. Even if the Constitution would not apply, the language of the section above quoted clearly indicates that the commissioner continuing in office is to hold the office subject to the "conditions" which existed before the act was passed. We need not resort to any forced construction to get at the meaning of the section. The words "subject to the conditions attached to such office prior to the passage of this act" apply to salary as to everything else that is connected with the office. This construction is in harmony with the constitutional inhibition and therefore is the one we would naturally adopt. The framers of the act evidently did not wish to be put in the position of ignoring this provision of our laws and for that reason expressly included the words above quoted.

We are all of the opinion that the judgment of the lower court is correct and accordingly the judgment is affirmed; the appellant to pay the costs.