## Jones v. Northumberland County

*Carl Rice,* of *Witmer & Rice,* for plaintiff; *F. B. Moser,* for defendant.

HOLLISTER, J., November 5, 1934.—The above-mentioned matter has been submitted to the court as a case stated, and from the pleadings we state the following

### Findings of fact

1. Ralph E. Jones, the plaintiff in this action, was regularly elected city treasurer of the City of Sunbury at a municipal election held in November of 1929, to serve for a term of 4 years, commencing on the first Monday of January 1930, and ending on the first Monday of January 1934.

2. The said Ralph E. Jones duly qualified and filed his proper bond, and assumed the said office on the first Monday of January 1930, and has continuously served in said capacity for a term of 4 years, ending on the first Monday of January 1934.

3. While acting in the capacity of city treasurer of the City of Sunbury, the said Ralph E. Jones was appointed by the Commissioners of Northumberland County as collector of State and county taxes of the said City of Sunbury, and in furtherance of the said appointment filed proper bonds required by the said board of county commissioners, and received from them tax duplicates for the collection of county taxes within the City of Sunbury for the years 1930-33, inclusive.

4. On the first Monday of May in the year 1932, the said Ralph E. Jones made a proper return to the County Commissioners of Northumberland County of all unpaid taxes on real estate assessed and levied for the year 1931 for county purposes by the county commissioners; and the said returns were properly filed in the county commissioners' office on May 2, 1932, in a docket for the aforesaid returns known as the "tax return docket", which returns were properly certified to the county treasurer of Northumberland County.

5. Albert Landis, treasurer of Northumberland County, has collected and received a total of $2,839.33 of county and county bond taxes returned by Ralph E. Jones as tax collector for the years 1931 and 1932.

6. The said taxes were properly paid by the said county treasurer of the County of Northumberland and proper credit given to the said Ralph E. Jones upon the tax duplicate, as provided by the Act of May 29, 1931, P. L. 280.

7. Ralph E. Jones, city treasurer as aforesaid, was paid by commissions for his services and not upon a salary basis, and the commissions at the rate of 2 percent on the sum of $2,839.33, amount to $56.79.

8. The said commission has been fixed by the Act of 1931, supra.

9. The payment of the said commissions or sum of $56.79 to Ralph E. Jones, as tax collector, while he was serving as City Treasurer of the City of Sunbury, Northumberland County, is an increase in his salary or emoluments of his office after his election.

*Discussion*

This proceeding is an action of assumpsit by Ralph E. Jones as treasurer of the City of Sunbury, who at the same time was acting in the capacity of tax collector for the county taxes of Northumberland County in the City of Sunbury, for the sum of $56.79, which he alleges is due him as commissions on $2,839.33, taxes properly returned by the said Ralph E. Jones, collected by the county treasurer of Northumberland County, and properly turned over to the County of Northumberland, under section 6 of the Act of May 29, 1931, P. L. 280, which provides as follows:

"After such return of taxes shall have been made in accordance with the provisions hereof, responsibility of the tax collector or receiver of taxes for the collection of the taxes so returned shall cease. On making such return, the tax collector or receiver of taxes shall be entitled to exoneration from the taxes so returned on the settlement of his accounts. On any unpaid taxes returned to the county commissioners, the tax collector or receiver of taxes shall be entitled to receive a commission of two per centum (2%) from the taxing district for which such tax is returned when the tax is paid by the county treasurer to the proper taxing district; provided, that, where the tax collector is paid on a salary basis, he shall not be entitled to receive this commission of two per centum (2%)."

To this payment certain taxpayers of Northumberland County have objected, and the matter has been submitted to this court for determination.

No question has been raised as to the propriety of the appointment of Ralph E. Jones, his qualifications, or to the fact that the taxes have been collected, but

it is the contention of the taxpayers that the office of tax collector is a public office and that the plaintiff is seeking to receive additional remunerations during his current term of office and thereby increase the emoluments attached to the said office during his current term.

This is the sole question to be determined by this court, and is ruled, in our opinion, by the case of Bowman's Appeal, 111 Pa. Superior Ct. 383, 385, in which the appellant was elected commissioner in 1929 for a term of 4 years, beginning January 1, 1930, and expiring January 1, 1934, at an annual salary of $100, which was fixed by amendment to the Act of July 14, 1917, P. L. 840, passed April 23, 1927, P. L. 372. The laws applying to first class townships were codified by the Act of June 24, 1931, P. L. 1206, which repealed the former acts and in section 703 provided a salary of $200 for township commissioners, and the appellant was paid the sum of $200. Objection was made to the auditors' report, allowing this sum and on an appeal to the common pleas the objection was sustained, thereupon an appeal was taken, and the order of the court below was affirmed.

Article III, sec. 13, of the Constitution of Pennsylvania provides: "No law shall extend the terms of any public Officer or increase or diminish his salary or emoluments, after his election or appointment."

It is clear that the township commissioners are within the constitutional provision forbidding an increase of salary during the term for which they had been elected. The standard fixed by numerous cases is that an officer coming within the constitutional prohibition of the above section is such as is chosen for a definite term, whose duties are for the benefit of the public for a stipulated consideration.

It must be regarded as settled that the prohibition against the extension of the term of a public officer or the decrease or diminution of his salary after his election or appointment, contained in article III, sec. 13, is not limited to constitutional officers.

The duties of commissioners in first class townships are equivalent to those of councilmen in cities or boroughs. The corporate powers are vested in them including the passage of ordinances and resolutions and they have the general regulation of the affairs of the township. The legislature had no right to increase their salaries after they are elected, and no doubt recognizing this, the section quoted above was framed so that the former salary should continue to be paid to those in office at the time the act was passed.

The salary of the elective officer is fixed as of the date of his election, and no alteration in the amount thereof is permissible under the Constitution, whether it be attempted by a new law passed thereafter, or by the application of the provisions of an earlier statute directing the payment of a larger sum: Commonwealth ex rel. v. Walter, 274 Pa. 553.

In view of the above cited cases, we are of the opinion that the commissions for which the plaintiff has brought suit constitute an increase in emoluments of his office during his current term, and therefore come under the prohibition of article III, sec. 13, of the Constitution, which is a bar to the plaintiff's recovery.

### Decree

And now, to wit, November 5, 1934, for the reasons herein stated, judgment is entered in favor of the County of Northumberland, the defendant.

From R. H. Klein, Sunbury, Pa.