## Sheridan License

*Karl W. Johnson*, for petitioner.

*Edward P. Hannum*, for Pennsylvania Liquor Control Board.

SWENEY, J., December 22, 1949.—The Liquor Control Board refused appellant's application for license upon the ground that the present seven licenses in Springfield exceeds the quota, which is fixed at six licenses for the retail sale of liquor and malt beverages in the township, under the provisions of the Act of June 24, 1939, P. L. 806, 47 PS §744-1002.

In fixing this quota, the board used the 1940 United States census and the question here is whether the census is the sole guide, which can be used by the board in setting quotas. Certainly, the decennial census is a splendid guide and, in the absence of any other official determination of the population, it must be the only guide: Appeal of Pottstown Post 780, V. F. W. (1944), 50 D. & C. 491.

An examination of the provisions of the Act of 1939, supra, discloses that the legislature did not specify what basis or guide should be used. It necessarily follows that the guide used must stem from an official and disinterested governmental source.

In Appeal of Pottstown Post, 780 V. F. W., supra, the eminent president judge of Montgomery County,

Hon. Harold G. Knight, permitted evidence to be introduced to show population increases in Pottstown due to the number of new houses built, the large number of war workers, the school census and other factors (not mentioned in the opinion) from which witnesses estimated that the population of Pottstown was increased so that additional licenses could be granted. The court held this evidence insufficient and in the absence of any official determination, it was necessary to rely solely upon the census of 1940.

In In re Appeal of Burger, 28 Westmoreland 235 (1946), the court permitted the introduction of evidence as to the difference between births and deaths, which showed an increase, and upon this testimony alone granted the license.

In Kimes' and Herley's Appeal, 59 D. & C. 479 (1946), the learned president judge of Chester County, Hon. Butler Windle, holds that the census is the only legally recognized method of determining population: Antonioli's Appeal, 60 D. & C. 285, Northampton County—1947, follows the same rule.

In In re Appeal of Wilkins Twp. Vol. Fire Co., 96 Pitts. L. J. 64 (1948), one of the parties made a tabulation showing an increased population for the purpose of procuring a license. The court held that although the United States census has no inherent force or application in the law of Pennsylvania, it is the best evidence attainable of the necessary fact.

In agreement with the majority of these decisions, we are of the opinion that the Federal census is a proper basis which may be used to ascertain the population of a municipality, but we feel that it is not necessarily the sole basis. Other methods, which comprehend the same result, have the same qualitative and quantitative standards and which come from a competent, credible and disinterested governmental source, cer-

tainly form an equally sound basis for an official determination.

In the instant case, the Planning Commission of the Township of Springfield, in the course of performing its duties, procured the services of the Institute of Local and State government of the University of Pennsylvania to make a population study of the township for planning the future growth and development of the municipality and the problems of administration incident thereto. The study was made by a graduate student at the university under the institute's supervision and followed the pattern of enumeration districts used in taking the Federal census. It was made solely for governmental purposes; appellant had no hand in its initiation, nor knowledge of it at the time it was being made.

The cases previously cited, holding the last preceding decennial census to be the only guide, rely upon analogies to cases wherein the creation of separate judicial districts (Commonwealth ex rel. Chase v. Harding et al., 87 Pa. 343) and the classification of counties under the Salary Acts (Luzerne County v. Glennon, 109 Pa. 564; Lewis v. Lackawanna County, 200 Pa. 590; Commonwealth ex rel. Woodring v. Walter, 274 Pa. 553) were the issues presented.

The basis of the Harding case, where the last preceding Federal decennial census was held controlling, is the fact that the 14th section of the Schedule of the Constitution of 1874 directs that "The General Assembly shall, at the next succeeding session *after each decennial census* and not oftener, designate the several judicial districts". (Italics supplied.)

In Lewis v. Lackawanna County (supra), the court adopts the census upon the general principle that "it affords the best evidence attainable of the necessary fact". And in Commonwealth ex rel. Woodring v. Walter (supra) the court says that "Where the legis-

lature has fixed no definite plan for establishing the fact . . . then it must be found from consideration of the best available evidence".

It is our opinion that appellant herein has adduced competent, credible evidence from a disinterested governmental source which establishes the legal fact of an increase in population for the Township of Springfield.

That the legislature knew how to correlate the decennial census to population is readily apparent from a consideration of section 407 of the Act of Sp. Sess. November 29, 1933, P. L. 15, art. IV, as amended (47 PS §744-407) which deals with the fixing of license fees for hotel and restaurant liquor licenses. The applicable portion of that section provides: "(a) License fees for hotel and restaurant liquor licenses *shall be graduated according to the population of the municipality, as determined by the last preceding decennial census of the United States,* in which the hotel or restaurant is located, as follows. . . ." (Italics supplied.)

Since the same phraseology relative to population determination was not inserted in the section here in question it is an indication to us that the intent of the legislature, in enacting the section before us, was that the decennial census should not be the sole and exclusive criterion.

Accordingly, the population of the Township of Springfield, Delaware County, being at least 8,111 inhabitants, appellant is entitled to have a restaurant liquor license issued to him.

In arriving at this conclusion, we must say that we are fully aware of the fact that many municipalities in our county are overloaded with licenses; however, it is our obligation as a court to interpret the law as passed by the legislature. We hold with the other courts, which have passed upon this question, that a population census made by interested parties, merely for the

purpose of obtaining a license in a given municipality, should not be considered a proper basis for such a determination.