## Bertugli v. Santore

*Floyd A. King*, for plaintiff.
*Anthony J. Maryon*, for defendants.

TOOTHMAN, *J.*, June 10, 1983—Remo Bertugli, Sheriff of Greene County, filed this action in mandamus against the Greene County Board of Commissioners, to recover a sixth class salary set for elected county officials of $17,000, rather than the salary of $15,500 allocated and set for seventh class office holders. The relevant facts set forth in the complaint and acknowledged in the answer, are these:

1. Plaintiff was first elected sheriff on November 2, 1977, to a four-year term, commencing January 4, 1978.

2. While serving that term, he was then re-elected to the office on November 3, 1981, to another four-year term.

3. The second term commenced on January 4, 1982, and he took the oath and assumed the duties of that term at that time.

4. That at the time of plaintiff's election on November 3, 1981, as had been true for several years prior, the county was classified as a seventh class county, even though, by virtue of its population determined from the 1970 census, the authority was vested in the commissioners to elevate the classification to that of a sixth class county.

5. As a seventh class county, the sheriff's salary was $15,500 at the time of his re-election on November 3, 1981.

6. On December 3, 1981, by resolution of the Board of Commissioners, the classification was changed from a seventh class county to a sixth class county, to become effective January 1, 1982.

7. After plaintiff took office, commencing January 4, 1982, he was paid, and continues to be paid at the lower salary of $15,500 while the salary of the office in a seventh class county is $17,000. Defendants filed preliminary objections seeking dismissal of the complaint, citing §27 of Article III of the Constitution of the Commonwealth, which reads as follows: "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment."

The question for decision is whether a resolution by the county commissioners elevating the county's classification after the sheriff's re-election and before his term commences comes under the prohibi-

tive purview of this constitutional provision. In the case of Baldwin v. City of Philadelphia, 99 Pa. 164 (1881), the court held that the word "law" as used in Article III §27, supra, does not mean or include an act of the county commissioners in the adoption of an ordinance or resolution. See also Participation By Public Officials in Noncontributory Prescription Drug Plan, 68 D.&C. 2d 517 (1974). Also, 16 P.S. §211 (c), however, spelling out more clearly the meaning of the constitutional provision under scrutiny, states: "Changes of class ascertained and certified as aforesaid shall become effective on the first day of January next following the year in which the change was certified by the governor to the county commissioners, but the salary of the county officers shall not be increased or decreased during the term for which they shall have been elected." From this preliminary recitation of the law, we next turn to the case of Comm. ex. rel. Woodring v. Walter, 274 Pa. 553, 118 A.2d 510 (1922), which has a much stronger impact on the question now before the court. In Woodring, a county commissioner claimed that due to a population increase in his county, he was entitled to the salary assigned to a commissioner of a county with that greater population. The Supreme Court in that case rejected plaintiff's contention, explaining at p. 556 and 557: "If the change in classification post dates the election of the county commissioner, and this clearly appears in the present case . . . then it follows that the salary cannot be allowed." Thus, while it is recognized that the sheriff's salary, as provided in the county code, for seventh class county is averred as $15,500, the change of the county classification effected by the county commissioners to a sixth class county not having been done until December 31, 1981, which postdates his election to the term in question, the writ

must be dismissed. The court in doing so, is not insensitive to the inequitable salary disparity created by these circumstances, as controlled by the constitutional provision, and while it dictates our dismissal of the action, our doing so does not diminish our conviction that the sheriff's services are as valuable as any other elected county officer, and is certainly an invaluable arm of the court.

## ORDER

And now, this June 10, 1983, the writ of mandamus is dismissed, and judgment entered for defendants.