## Appeal of Pottstown Post 780, V. F. W.

*Joseph L. Prince*, for appellant.

*Martin F. Hatch*, Deputy Attorney General, for Pennsylvania Liquor Control Board.

KNIGHT, P. J., January 11, 1944.—This is an appeal from a decree of the Pennsylvania Liquor Control Board refusing to grant a club liquor license to the appellant. The sole reason for refusing the license is that the quota for the Borough of Pottstown under the Act of June 24, 1939, P. L. 806, is filled. The population of the Borough of Pottstown, according to the 1940 decennial census of the United States, is 20,194. The quota of licenses allowable for said borough is 21, and the number of licenses now in effect in the borough is 21.

It has been agreed that the evidence taken at the hearing before the Pennsylvania Liquor Control Board in this matter may be considered as if heard by us on this appeal. The two controlling questions raised by this appeal are, (1) assuming that the quota of licenses for Pottstown is filled, does the Act of 1939, supra, prohibit the issuance of a club license to the appellant, and (2) has the appellant produced proper and sufficient evidence that the population of Pottstown exceeded 21,000 when the application was made?

This court, in Pottstown Veterans Association License, 55 Montg. 346, 36 D. & C. 593 (1939), has already decided the first question adversely to the appellant. We are familiar with the fact that the courts of Lackawanna, Northampton, Washington, Luzerne, Schuylkill, Beaver, Erie, and Berks Counties have since reached a conclusion differing from ours in the interpretation of the Act of 1939, but on the other hand the courts of Bucks, York, Philadelphia, Westmoreland, Lehigh, Dauphin, Lancaster, Venango, Wyoming, Mercer, Bedford, and Delaware Counties take the same view that we did in interpreting the act. After reviewing our decision in Pottstown Veterans Association's application, we see no reason to change our views, which are now the majority opinion on the subject.

Appellant, however, has raised a new question. It contends that section 2 of the Act of 1939, supra, provides that a retail liquor license may be granted in a municipality for each 1,000 inhabitants or fraction thereof, and as a matter of fact the Borough of Pottstown has in excess of 25,000 inhabitants at this time, and is therefore entitled to at least 25 licenses. In other words, the contention of the appellant is that the increase of population in Pottstown since the 1940 census has increased the quota of licenses.

Appellant sought to show the increase in population in Pottstown since 1940 by calling a witness who testified as to the number of new houses built, the large number of war workers, the school census, and other factors from which he estimated that the population of Pottstown was 26,000 in 1943. Is this evidence sufficient?

Section 5 of article XIV of the Constitution of Pennsylvania provides that in counties containing over 150,000 inhabitants all county officers shall be paid by salary. The Act of 1876 carried the provision into effect. Lewis v. Lackawanna County, 200 Pa. 590 (1901), involved a dispute as to when the Act of 1876 became effective in Lackawanna County. In the opinion of Justice Mitchell we find this at page 594:

"But in the absence of any legislative method, the courts in cases of dispute like the present must proceed upon the general principles of law, and for convenience, if not of necessity, must settle the questions involved by reference to the census. In Commonwealth ex rel. v. Harding, 87 Pa. 343, already cited, it was held that the population of 40,000 entitling a county to constitute a separate judicial district, was to be ascertained by the preceding census. The court was guided to that standard somewhat by section 14 of the schedule of the Constitution which directs the legislature to designate that judicial districts 'after each decennial census and not oftener'. But independent of that section, Chief Justice Agnew said, 'The number of inhabitants in a county is an unknown fact, except as it may become known through the decennial census taken by the United States'. And in Luzerne County v. Glennon, 109 Pa. 564, it was held that for the purpose of classification of counties under the salary acts, the census is the only test of population."

This case is also authority for the proposition that a county having its status as to population settled retains

it until it is legally and officially ascertained to have changed. See also Kase v. Berks County, 15 Dist. R. 237 (1905). True, the above cases apply to the population of counties, but we see no difference in principle between these cases and the case at bar.

The Pennsylvania Liquor Control Act of 1939, supra, contains no method of ascertaining the number of inhabitants in a municipality in case of change or dispute, and in the absence of any official determination of the population of the Borough of Pottstown in 1943 we must of necessity depend upon the United States census of 1940 as the only official and authoritative evidence of the population upon which to base the quota of liquor licenses for the borough.

And now, January 11, 1944, the appeal is dismissed at the cost of the appellant.