## Kimes' and Herley's Appeal

*Walter A. Herley*, for appellant.

*Edmund P. Hannum*, deputy attorney general, for Pennsylvania Liquor Control Board.

WINDLE, P. J., June 17, 1946.—This is an appeal from the action of the Pennsylvania Liquor Control Board refusing to grant a restaurant liquor license to appellants for premises located in Caln Township in this county. On the day fixed for hearing testimony was taken, a stipulation of agreed facts was filed and argument of counsel heard. After due consideration, we have concluded that the action of the board must be sustained.

In accordance with the provisions of section 404 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and finally amended May 27, 1943, P. L. 688, 47 PS §744-404, we "hear the application de novo" and "either sustain the refusal of the board or order the issuance of the license to the applicant". Our understanding of our duties in that connection, as indicated in opinions filed by us in several cases of this character, the latest one being In re Ten to Six Club, 52 D. & C. 609, is that we hear the application for the license sought without reference to any action that the board may have taken and determine whether in our opinion said license should be granted. See also Privol's Appeal, 20 D. & C. 163, and

Steffen's License, 41 D. & C. 708. We consider this appeal in that light.

The Liquor Control Board refused to grant the license upon two grounds: First, that the quota of licenses that might be granted in Caln Township at this time was filled, and second, that "A number of persons appeared at the hearing and testified that they were opposed to the granting of a retail liquor license in a residential area wherein the establishment is located". The ground last mentioned we believe is untenable. As held by this court in In re Application of Jean Sentenac for Transfer of Restaurant Liquor License, misc. docket no. 8, page 166, Q. S. Chester County, Pa. (1942), remonstrances by citizens may not be considered by the court in determining whether or not a liquor license should be granted. See also to that same effect: Havens' License, 27 D. & C. 376. We accordingly hold the second ground advanced by the board need not be considered on this appeal. The only question consequently is whether or not the quota of licenses that may be granted in Caln Township is now filled, as the board states.

The so-called Liquor License Quota Act of June 24, 1939, P. L. 806, provides that no license shall be granted by the Pennsylvania Liquor Control Board after the passage of that act in excess of one for each 1,000 inhabitants or fraction thereof in any municipality, with certain exclusions that have no application here. It is agreed that the last Federal decennial census of 1940 indicates that Caln Township at that time had 3,661 inhabitants and that four licenses for the retail sale of liquor and malt beverages are, for the license year beginning February 1, 1946, in effect in said township. The Liquor Control Board accordingly held that the quota of retail licenses in that township prescribed by law was filled. Appellants, however, contend, and called witnesses in an endeavor

to prove, that since 1940 the number of inhabitants in Caln Township had increased to such an extent that at the time of the filing of their application there were and now are more than 4,000 thereof, wherefore another license could, under the Quota Law, be granted. The first question therefore to be considered is whether the number of inhabitants of a municipality to be used as the basis for determining the quota of licenses that may be granted therein is the number shown by the last preceding Federal decennial census or whether it is the number thereof as actually shown to be in some other fashion as of the date when the license is sought to be granted.

There are, of course, no appellate court decisions on the exact state of facts presented here as under the act there is no appeal from decisions of the courts of quarter sessions on appeals from the Liquor Control Board. However the Court of Quarter Sessions of Montgomery County has decided the very question here raised on the same state of facts in Appeal of Pottstown Post 780, V. F. W., 50 D. & C. 491 (opinion by Knight, P. J.) relying on Supreme Court decisions on facts so analogous as to be, in our opinion, controlling. In one thereof, Luzerne Co. v. Glennon, 109 Pa. 564, in which the question was as to the classification of a county under the so-called Salary Act of March 31, 1876, P. L. 13, the court held that the United States decennial census was the sole test of population. In that act the number of "inhabitants" is designated as the standard determining the salaries of officers in counties just as in the Quota Law the number of "inhabitants" is designated as the basis upon which the number of licenses that may be granted in a municipality is determined. In neither act is it indicated how the number of inhabitants in question is to be determined. The opinion of the Supreme Court in said case says, inter alia:

"The only legally recognized method of determining the population of any particular county or district is by resorting to the last preceding decennial census; and, according to that the population of Luzerne County is less than one hundred and fifty thousand. We do not say it is not competent for the Legislature to provide some other or additional mode of determining the fact; but, until some other legal provision is made, we must be governed by the only recognized rule applicable to the subject. In Luzerne County v. Griffith, 1 Kulp, 297, this court said: 'In the absence of express legislative declaration of the fact, or of any other method provided by the Legislature for ascertaining it, the last preceding decennial census is to be resorted to as the best evidence of the population of a county in case of classification of counties by population.'

"In the light of existing legislation, we have no doubt that for the purposes of classification under the various Salary Acts, each county must remain in the class in which the last census found it until it is transferred to another class by a subsequent census. The United States decennial census is the only official determination of population that we now have; and the inconvenience and injustice that would necessarily arise from accepting any unofficial guide to the classification of counties, for salary purposes, cannot well be overestimated. Legislative and judicial apportionments are both based on population determined by the last preceding census. The Constitution provides that 'whenever a county shall contain forty thousand inhabitants it shall constitute a separate judicial district; but, in Commonwealth ex rel. Chase v. Harding, 6 Norris, 351, we held that such separate districts can only be formed after a decennial census showing the requisite population. The cases, it is true, are not exactly parallel, but the analogy is very close."

And in Lewis v. Lackawanna County, 200 Pa. 590, where the provisions of the same act of assembly were under consideration the court said (p. 595) :

"The census has no inherent force or application in the law of Pennsylvania. Its relevancy to state matters depends on the constitution and statutes of the state. In adopting it as the test, therefore, the courts proceed upon the general principle that it affords the best evidence attainable of the necessary fact. And upon the same principle, before the fact can become a part of the state law, and be made the basis of action it must be established by competent evidence. It follows therefore that it is not the mere existence of the fact that must govern its application, but its legal and official ascertainment."

In Commonwealth ex rel. Chase v. Harding et al., 87 Pa. 343, Chief Justice Agnew in the opinion filed states: "The number of inhabitants in a county is an unknown fact, except as it may become known through the decennial census taken by the United States."

As Judge Knight points out it is true that "the above cases apply to the population of counties, but we see no difference in principle between these cases and the case at bar." See also In re Appeal of Societa' Di Mutuo Soccorso San Rocco, 43 D. & C. 358, wherein Judge Kun of the Court of Quarter Sessions of Philadelphia County holds, on an appeal from order of the Liquor Control Board, that "the board very properly used the figures of the 1940 United States Decennial Census as the basis for administering the (Quota) act".

In view of the above we conclude and accordingly hold the last preceding decennial census determines the number of inhabitants in any municipality to be used as a basis for fixing the quota of licenses that may be granted in said municipality under the Quota Law of 1939, above referred to, and that the Pennsylvania Liquor Control Board properly adopted the figure

shown in that census relating to Caln Township, Chester County, as such basis. There being already four licenses in effect in said township, the quota was full and the board was without authority to grant appellant's application.

The refusal of the board to grant the license must be sustained.

### Order

And now, June 17, 1946, the refusal of the board to grant a restaurant liquor license to Albert C. Kimes and Charles H. Herley, appellants herein, is sustained.

Appellants will pay the costs.