## Antonioli's Appeal

*Stanley J. Fehr*, for appellant.

*Linn H. Schantz*, Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

LAUB, P. J., June 9, 1947.—This is an appeal from an order of the Pennsylvania Liquor Control Board refusing to grant appellant a restaurant liquor license.

At the time the appeal was allowed April 29, 1947, was fixed as the time for the hearing de novo, but the

hearing could not be held on said date due to the illness of counsel for appellant, and at his request the hearing de novo was continued to May 22, 1947, at 10 a.m., at which time said hearing was held.

From the testimony taken at the hearing de novo we make the following findings of fact:

1. That appellant was present in open court at the time of the hearing de novo and was represented by Stanley J. Fehr, Esq., who appeared with him.

2. That the Pennsylvania Liquor Control Board (hereinafter called PLCB) entered an appearance through Linn H. Schantz, Special Deputy Attorney General in charge of the work of said board in said county.

3. That the reasons the said PLCB refused to grant appellant a restaurant liquor license are set forth in the sixth paragraph of the petition for appeal, as follows:

"(a)  As provided by the Act of Assembly, P. L. 806, approved June 24, 1939, Bangor, Northampton County, has a quota of six licenses for the retail sale of liquor and malt beverages and there are now eight such licenses in effect of the type counted against the said quota. Accordingly, the quota of licenses prescribed by law for the said municipality is exceeded.

"(b) As provided by the aforementioned Act of Assembly, the Board is without authority to grant any additional retail liquor licenses in Bangor, Northampton County, except for establishments in operation as bona fide hotels complying with the requirements prescribed by the said Act."

4. That according to the 1940 United State decennial census the population of the Borough of Bangor, said county, is 5,687.

5. That under the quota law the number of licenses to which the Borough of Bangor is entitled, in accordance with said population, is six.

6. That the licenses presently in effect in the said Borough of Bangor are seven, excluding clubs and hotels as defined in the Liquor License Quota Act of June 24, 1939, P. L. 806.

7. That in the year 1940 the assessment of occupation taxables in the said Borough of Bangor was 3,406.

8. That in the year 1946 the assessment of occupation taxables in said Borough of Bangor was 3,916.

9. That in the years 1940 to 1946, both years inclusive, the number of deaths in said Borough of Bangor was 294.

10. That in the years 1940 to 1946, both years inclusive, the number of births in said Borough of Bangor was 425.

The question for decision is whether or not the United States decennial census of 1940 is presently to be taken as the guide for determining the population of Bangor with reference to the number of licenses that can be legally issued in said Borough of Bangor under the Quota Law now in force.

There are two county court cases directly in point, one against the proposition and one in favor of the proposition, as follows:

The Court of Quarter Sessions of Westmoreland County, McWherter, J., has decided in In re Appeal of Adolph G. Burger that evidence can be heard in an appeal of this nature to show that the population of the township has increased beyond the population fixed by the United States decennial census of 1940 so that more liquor licenses can be granted than could be done after the number of licenses was fixed by the said census.

The last mentioned case is not reported. However, we find a reported case taking the contrary view in an opinion of the Court of Quarter Sessions of Chester County, Windle, P. J., in In re Kimes' and Herley's Appeal, 59 D. & C. 479, holding as follows:

"Under the provisions of the Pennsylvania Liquor Control Act of 1933, as reënacted and finally amended by the Act of May 27, 1943, P. L. 688, §404, the Court of Quarter Sessions hears appeals from the refusal of the Pennsylvania Liquor Control Board to grant a license de novo and either sustains the refusal of the Board or orders the issuance of the license to the applicant.

"The last preceding decennial census determines the number of inhabitants in any municipality to be used as a basis for fixing the quota of licenses that may be granted in that municipality, hence the fact that the population within a municipality has increased since the last decennial census is not to be considered in determining whether or not the quota of licenses has been filled." (Syllabus 1 Chester Co. L. R. 83.)

Section 407 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, provides that license fees for hotel and restaurant liquor licenses shall be graduated according to the population of the municipality, as determined by the last preceding decennial census of the United States, in which the hotel or restaurant is located.

In our opinion it is the intent of the legislature that the act establishing quotas of licenses in the various subdivisions of the Commonwealth shall be established in accordance with the last United States decennial census. Under the Statutory Construction Act of May 28, 1937, P. L. 1019, a statute shall be construed in accordance with the following presumptions:

"That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable.

"That the Legislature intends to favor the public interest as against any private interest."

To interpret the quota law in any other manner would be to make the quota law impossible of functioning smoothly and would produce chaotic conditions

in the application of same, not only with reference to the granting of licenses but with reference to the payment of fees therefor.

"In applying the provisions of the Liquor License Quota Act of June 24, 1939, P. L. 806, the Liquor Control Board may properly determine the population of the municipality involved by reference to the most recent United States decennial census" (syllabus) : In re Appeal of Societa' Di Mutuo Soccorso San Rocco, 43 D. & C. 358.

"In computing the number of retail licenses which may be issued in a municipality under the Liquor License Quota Act of 1939, the most recent United States decennial census constitutes the only official and authoritative proof of population, notwithstanding evidence as to increase in population since the last census" (syllabus): Appeal of Pottstown Post 780, V. F. W., 50 D. & C. 491.

Analogous cases wherein the United States decennial census was taken as the basis for determining changes are as follows:

In the case of Commonwealth ex rel. Chase v. Harding et al., 87 Pa. 343, it was held whether or not a county shall be constituted a separate judicial district shall be determined according to the last United States decennial census.

"For the purpose of classification of counties under the Salary Acts, the United States decennial census is the sole test of population. The population at any intermediate time cannot be proved, as a fact, but each county must remain in the class in which the last census found it until it is transferred to another class by a subsequent census": Luzerne County v. Glennon, 109 Pa. 564. See also Reid v. Smoulter, 128 Pa. 324.

"In the absence of any legislative provision for otherwise ascertaining the fact, the population of a

county is to be determined by the last federal census" (syllabus) : Guldin v. Schuylkill Co., 149 Pa. 210.

"The United States census in its relevancy to state matters depends on the constitution and statutes of the state. In adopting it as the test, the courts will proceed upon the general principle that it affords the best evidence attainable of the necessary fact; and upon the same principle before the fact can become a part of the state law and be made the basis of action it must be established by competent evidence. It follows, therefore, that it is not the mere existence of the fact that must govern its application, but its legal and official ascertainment.

"A county once having its status as to population settled, retains it, until it is legally and officially ascertained to have changed.

"Where a person on November 6, 1900, was elected district attorney in a county which by the census of 1890 was under 150,000, in population, and by the census of 1900 over 150,000 in population, and it appears that the result of the census of 1900 was not made known in any official manner until after the election for district attorney, such person does not come under the provisions of the Act of March 31, 1876, which carried into effect section 5 of article 14 of the constitution, providing for salaries of county officers in counties with more than 150,000 inhabitants" (syllabus) : Lewis v. Lackawanna County, 200 Pa. 590.

From a reading of the foregoing authorities it is very obvious that the last United States decennial census must be taken as the guide for the population of a borough such as that of the Borough of Bangor, said county. Therefore the Quota Law must be applied with reference to the population of the 1940 United States decennial census, and consequently it follows therefore that the appeal must be denied.

And now, June 9, 1947, the appeal is denied, and the order of the Pennsylvania Liquor Control Board refusing to grant a restaurant liquor license to appellant is affirmed.

The costs are directed to be paid by appellant.